IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00821-BNB

VINCENT E. LOGGINS,

Applicant,

v.

DR. JOHN DeQUADO, and
MR. JOHN SUTHERS, Attorney General of the State of Colorado,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 0 2 2010

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant, Vincent E. Loggins, is a patient at the Colorado Mental Health Institute at Pueblo, Colorado. Mr. Loggins initiated this action by filing *pro se* a Complaint, an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, and the first two pages of an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. In an order filed on April 12, 2010, Magistrate Judge Boyd N. Boland directed the clerk of the Court to commence a civil action and directed Mr. Loggins to cure certain deficiencies if he wished to pursue his claims. More specifically, Magistrate Judge Boland ordered Mr. Loggins either to pay the filing fee or to file a motion seeking leave to proceed *in forma pauperis* and to file one amended pleading on the appropriate form in which he asserts his claims clearly. Because the relief Mr. Loggins requested was to be released from custody, Magistrate Judge Boland directed the clerk of the Court to send to Mr. Loggins the appropriate forms for filing a habeas corpus action pursuant to both 28 U.S.C. § 2241 and 28 U.S.C. § 2254. Magistrate Judge Boland

explained to Mr. Loggins that, if he is challenging the execution of a sentence or some other form of custody, he should file an amended application pursuant to § 2241 and if he is challenging the validity of a conviction or sentence, he should file an amended application pursuant to § 2254.

On April 20, 2010, Mr. Loggins filed a motion seeking leave to proceed *in forma pauperis* and an amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He alleges in the amended application that he is challenging his conviction in Fremont County District Court case number 90CR271 and the relief he requests is to be discharged immediately. On April 22, 2010, Mr. Loggins paid the $5.00 filing fee for a habeas corpus action.

Magistrate Judge Boland reviewed the amended habeas corpus application and determined that it was deficient. Therefore, on April 23, 2010, Magistrate Judge Boland ordered Mr. Loggins to file another amended application. Magistrate Judge Boland specifically directed Mr. Loggins to name a proper respondent and to provide a clear statement of the factual allegations that support each asserted claim. Magistrate Judge Boland advised Mr. Loggins that § 2254 provides a remedy only for violations of the "Constitution or laws or treaties of the United States," 28 U.S.C. § 2254(a), and that, pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, he must "specify all [available] grounds for relief" and he must "state the facts supporting each ground." Magistrate Judge Boland also noted that these habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading, *see Mayle v. Felix*, 545 U.S. 644, 655 (2005), and that naked allegations of constitutional violations are not

cognizable under § 2254, see *Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). On May 4, 2010, Mr. Loggins filed a second amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The Court must construe the second amended application liberally because Mr. Loggins is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

The Court has reviewed the second amended habeas corpus application filed by Mr. Loggins on May 4 and finds that Mr. Loggins still fails to provide a clear statement of any federal constitutional claims. Although Mr. Loggins refers to a denial of due process in his third claim for relief, he does not identify the federal constitutional rights that allegedly have been violated in connection with his other claims. Furthermore, he fails to allege facts in support of any of the claims being asserted in the second amended application, including the due process claim. Therefore, the Court finds that the instant action must be dismissed because Mr. Loggins fails to assert clearly any violations of his federal constitutional rights. Accordingly, it is

ORDERED that the habeas corpus applications, the amended application, and the second amended application are denied and the action is dismissed without prejudice for failure to assert clearly the violation of a federal constitutional right. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

3

DATED at Denver, Colorado, this  1st   day of   June  , 2010.

                                      BY THE COURT:

                                      s/Philip A. Brimmer
                                      PHILIP A. BRIMMER
                                      United States District Judge, for
                                      ZITA LEESON WEINSHIENK, Senior Judge
                                      United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00821-BNB

Vincent E. Loggins
Prisoner No. 81868
CMHIP
1600 West 24th Street
Pueblo, CO 81003

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 6/2/10

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk